WINDOM, Presiding Judge,
concurring specially.
I agree with the ultimate outcome of the Court’s decision. I write specially to express my belief that Joshua Simons was charged under the wrong statute to allow the Habitual Felony Offender Act to apply.
“A person commits , the crime of cruelty to a dog or cat in the first degree if he or she intentionally tortures any dog or cat.” § 13A-ll-241(a), AIa.Code 1975. A conviction for first-degree cruelty to a dog or cat is a Class C felony. Section 13A-11-241(a) provides that “[a] conviction for a felony pursuant to this section shall not be considered a felony for purposes of the Habitual Felony Offender Act, Sections 13A-5-9 to 13A-5-10.1, inclusive.” Whether the statute is clear, as the main opinion holds, or is ambiguous and the rule of lenity is applied, the outcome is the same—§ 13A-5-9, Ala.Code 1975 (the Habitual Felony Offender Act), cannot be applied to enhance the sentence of a conviction for first-degree cruelty to a dog or cat. However, in enacting § 13A-ll-241(a), the legislature explained that “whenever conduct prescribed by any provision of this article is also pr[o]scribed by any other provision of law, the provision which carries the more serious penalty shall be applied.” Act No. 2000-615, Ala. Acts 2000. Section 13A-11-14.1, Ala.Code 1975, defines aggravated cruelty to animals, which is also a Class C felony, as follows: “A person commits the crime of aggravated cruelty to animals if the person intentionally or knowingly violates Section 13A-11-14, and the act of cruelty or neglect involved the infliction of torture to the animal.” Section 13A-11-14, Ala.Code 1975, provides, in pertinent part, that a person commits cruelty to an animal if that person subjects any animal to cruel mistreatment. Unlike first-degree cruelty to a dog or cat, a sentence for a conviction under § 13A-11-14.1 may be enhanced under the Habitual Felony Offender Act. Consequently, the sentence for a conviction under § 13A-11-14.1 is a more serious penalty than a sentence under § 13A-ll-241(a) when the offender has one or more prior felony convictions.
Because the penalty under § 13A-11-14.1 is more serious than that under § 13A-ll~241(a) when the Habitual Felony Offender Act applies, an individual whose conduct violates both statutes and who has one or more prior felony convictions should be charged under § 13A-11-14.1. See Act No. 2000-615, Ala. Aets 2000 (explaining that “whenever conduct prescribed by [§ 13A-ll~241(a), Ala Code 1975, is] also pr[o]scribed by any other provision of law, the provision which carries the more serious penalty shall be applied”). Simons’s conduct—beating a kitten to death with his fists—is proscribed by both § 13A-ll-241(a) and § 13A-11-14.1. Further, Simons had at least 16 prior felony convictions. Therefore, the penalty to which he could be subject under § 13A-11-14.1 was more serious than that under § 13A-ll~241(a). Consequently, Simons should have been charged with aggravated cruelty to animals under § 13A-11-14.1, in *27 which case the Habitual Felony Offender Act would have been properly applied to enhance his sentence. See Act No. 2000-615. However, Simons was improperly charged with first-degree cruelty to a dog or cat, a conviction that carries a sentence that, as the main opinion holds, may not be enhanced under the Habitual Felony Offender Act.